STATE OF MICHIGAN
COURT OF APPEALS

TED T. AYOUB,

Plaintiff-Appellant,

v

ROBERT SZANTNER and RSA DESIGN
GROUP, LLC.,

Defendants-Appellees,

and

YAMASAKI RSA,

Defendant.

UNPUBLISHED
December 16, 2014

No. 317375
Oakland Circuit Court
LC No. 2013-133083-CK

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing his lawsuit on the basis that he failed to obtain leave to file the lawsuit as required by a receivership order entered in a separate case. We affirm.

Ayoub is a majority shareholder and corporate officer of Yamasaki Associates, Inc. (YAI), and the sole shareholder of Yamasaki International, Inc. (YII). Defendant Szantner is a minority shareholder and former employee of YAI, and owner of defendant RSA Design (RSA). The instant lawsuit stems from Ayoub's interactions and dealings with Szantner spanning several years. According to Ayoub, various acts of fraud, civil conspiracy, and breaches of fiduciary duty and employment contracts, among other things, divested Ayoub of his corporate holdings, work product, business expectancies, profits, and other monies rightfully owed to him and the corporate entities, and led to the downfall of him and those corporate entities.

In May 2009, Citizens Bank filed a lawsuit against Ayoub, YAI, and Szantner, among others, to enforce its rights under a bank loan which had allegedly been defaulted on. That case was filed in the Oakland Circuit Court, and was assigned to Oakland Circuit Judge Martha D. Anderson. Despite being served with process in that case, Ayoub did not participate, for whatever reason. Accordingly, in April 2010, Judge Anderson entered a default judgment against Ayoub and YAI. A default judgment against YII was later entered. In May 2010, Judge

-1-

Anderson appointed a receiver for Ayoub and YAI. The receivership order gave the receiver "full powers" over all of the assets and property of Ayoub and YAI; granted the receiver the authority to "sue for, collect, receive, and take possession of" any and all assets of Ayoub and YAI; and granted the receiver the authority to "initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of" Ayoub and YAI. Finally, the receivership order restrained all parties (including Ayoub and YAI) from taking any action to enforce any claim or right for, against, or on behalf of Ayoub and YAI or taking any action that interfered with the receiver's powers and duties, including commencing litigation, without leave of court. A second receivership order was subsequently entered for YII.

Notwithstanding the receivership orders, Ayoub, on behalf of himself, YAI, and YII, filed a federal lawsuit against Szantner, RSA, and others in October 2012. Although the lawsuit was later voluntarily dismissed due to jurisdictional concerns, Judge Anderson issued an order requiring Ayoub to show cause why he should not be held in contempt for violating the receivership orders by filing the federal suit. After a hearing, Judge Anderson found Ayoub in contempt, ordered him not to re-file the federal lawsuit until the default judgments were set aside or leave to re-file the federal suit was granted, and generally ordered him not to do anything that would interfere with the receiver's duties and functions. Ayoub subsequently sought leave to re-file the federal lawsuit, which was denied. He also moved to set aside the default judgments against him, YAI, and YII, which was also denied. Nonetheless, on March 27, 2013-approximately two months after being held in contempt and approximately one month after his request for leave to re-file the federal suit was denied-Ayoub filed the instant lawsuit in Oakland Circuit Court. Ayoub's amended complaint contained 11 counts against Szantner and RSA, many of which were substantially similar, if not identical, to the claims raised in the federal lawsuit. Ayoub sought relief in the form of, among other things, "all the lost profits and business expectancy" of YAI and/or YII, and also sought the reassignment of corporate trademarks which had previously been transferred to Szantner in the *Citizens Bank* case. The case was assigned to Judge Grant.

Szantner and RSA moved for dismissal of the instant lawsuit asserting that Ayoub was not the real party in interest because the claims set forth in his complaint were for the benefit of YAI and YII, which were subject to a receivership, and Ayoub therefore lacked standing to pursue the claims. They also argued that by filing the lawsuit, Ayoub willfully violated Judge Anderson's receivership and contempt orders in the *Citizens Bank* case. Judge Grant dismissed the lawsuit, reasoning that the claims in this case belonged to the corporate entities, not Ayoub personally, and since those entities were controlled by the receiver, the lawsuit could not be initiated without leave from Judge Anderson, which had not been obtained.

On appeal, Ayoub contends that he was not required to obtain leave from Judge Anderson to file this lawsuit because of an exception in the receivership order. We disagree.

As noted above, the receivership order in this case granted the receiver full powers over all the assets of Ayoub, YAI, and YII, and further granted him the authority to pursue litigation on behalf of those parties to "preserve or increase" those assets. Consistent with these powers, the receivership order prohibited Ayoub, YAI, YII, or any other party from "taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of"

Ayoub, YAI and/or YII, "including, but not limited to . . . [c]ommencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations." It is the latter part of the last sentence that Ayoub relies upon for his claim of error.

Ayoub specifically argues, as he did in the trial court, that because his claims involve conduct dating back to 2009, and are therefore aging, he was entitled to file this lawsuit without seeking leave from Judge Anderson. While we recognize the plain and unambiguous language of the exception in the receivership order, we conclude that Ayoub has not sufficiently availed himself of that exception. Aside from vague assertions both in the trial court and here on appeal that many of the allegations in this case occurred as early as 2009 and are therefore aging, and further that it would "not be prudent" to wait an undetermined amount of time until the receivership is concluded before filing this lawsuit, Ayoub has done little to identify what specific statutes of limitation are applicable to his various claims or when exactly those claims accrued.

Ayoub's failure to adequately support his statute of limitations concern is indicative that he raised that concern simply to circumvent the otherwise broad prohibitions in the receivership order. Such a conclusion is supported by the fact that Ayoub does not appear to have raised such concerns in January 2013-only two months before the instant lawsuit was commenced-when Judge Anderson ordered him to show cause why he should not be held in contempt for filing the federal lawsuit, or in February 2013 when Ayoub sought leave from Judge Anderson to re-file that federal lawsuit.

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Moreover, express authority to dismiss an action is conferred, in relevant part, by MCR 2.504(B)(1), which provides that "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." See *Maldonado*, 476 Mich at 391. We review a trial court's decision to dismiss under such circumstances for an abuse of discretion. *Id*. at 388. Given the circumstances, we conclude that the trial court did not abuse its discretion in dismissing Ayoub's complaint.

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto

-3-